# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | |
|---|---|
| **WILLIAM MYHAN,**<br><br>      **Plaintiff,**<br><br>**v.**<br><br>**HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY,**<br><br>      **Defendant.** | **Case No. 3:24-cv-01017**<br><br>**District Judge Aleta A. Trauger** |

## HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT

Defendant Hartford Life and Accident Insurance Company ("Hartford" or "Defendant"), by and through its undersigned counsel, submits this Answer to Plaintiff's Complaint. Unless expressly admitted herein, Hartford denies the material allegations of the Complaint and demands strict proof thereof. Hartford responds to the individually numbered allegations of the Complaint as follows:

## JURISDICTION AND VENUE

1.     To the extent the allegations of paragraph 1 of Plaintiff's Complaint constitute legal theories or conclusions, Hartford states that no response is required. Without waiver and in further response, Hartford admits that ERISA governs this matter and that this Court has jurisdiction over this action. In further response,

1

Hartford admits that Plaintiff's Complaint asserts a claim for long-term disability ("LTD") benefits under Group Policy No. GLT-681994, which Hartford issued to HCA Healthcare, Inc. to fund the LTD component of HCA's employee welfare benefit plan (the "Plan"), which provides LTD benefits to HCA's employees, including Plaintiff.

2. To the extent the allegations of paragraph 2 of Plaintiff's Complaint constitute legal theories or conclusions, Hartford states that no response is required. Without waiver and in further response, Hartford states that the statutes speak for themselves and are the best evidence of their contents. In further response, Hartford admits only that Plaintiff has exhausted administrative remedies as to his LTD claim through claim number 43015666.

3. Hartford admits that venue is proper in the Middle District of Tennessee.

**RELEVANT PARTIES**

4. To the extent the allegations of paragraph 4 of Plaintiff's Complaint constitute legal theories or conclusions, Hartford states that no response is required. Without waiver and in further response, Hartford admits, upon information and belief, that Plaintiff resides in Hartsville, Tennessee.

5. To the extent the allegations of paragraph 5 of Plaintiff's Complaint constitute legal theories or conclusions, Hartford states that no response is required. Hartford admits that Plaintiff's last day worked at HCA was September 20, 2023.

6. To the extent the allegations of paragraph 6 of Plaintiff's Complaint constitute legal theories or conclusions and otherwise refers to an entity other than itself, Hartford states that no response is required. Without waiver and in further response, Hartford admits that HCA is the Plan Sponsor and Plan Administrator.

7. To the extent the allegations of paragraph 7 of Plaintiff's Complaint constitute legal theories or conclusions, Hartford states that no response is required. Without waiver and in further response, Hartford admits that it underwrites the Policy, which funds the LTD component of the Plan; provides benefits under the terms of the Plan; and administers claims under the Plan. Hartford denies the remaining allegations of this paragraph, particularly to the extent that they allege that Hartford is a Plan Administrator or that they suggest, implicitly or explicitly, that Hartford has acted or failed to act in such a way that would impose liability on it or that any conflict influenced its benefit determination.

8. Hartford denies the allegations of paragraph 8 of Plaintiff's Complaint and refers Plaintiff to the Plan, which speaks for itself, with respect to Hartford's obligations under the Plan. Without waiver, and in further response, Hartford denies

3

that it is an agent of HCA, and states only that it funded and administered claims made under the Plan.

9. To the extent the allegations of paragraph 9 of Plaintiff's Complaint attempt to interpret the terms of the Plan, Hartford states that Plan speaks for itself and is the best evidence of its terms. Furthermore, to the extent the allegations of paragraph 9 of Plaintiff's Complaint constitute legal theories or conclusions, Hartford states that no response is required.

10. The allegations of paragraph 10 of Plaintiff's Complaint constitute legal theories or conclusions, to which no response is required. Without waiver and in further response, Hartford admits that, while an employee of HCA, Plaintiff was a participant in the Plan.

11. Hartford states that the Plan speaks for itself and is the best evidence of its terms and conditions for the payment of benefits. To the extent the allegations of this paragraph suggest, implicitly or explicitly, that Plaintiff was "Disabled," as that term is defined in the Plan, Hartford specifically denies those allegations.

12. Hartford states that the Plan speaks for itself with respect to the terms and conditions for payment of benefits, and is the best evidence of its terms and conditions. In further response, Hartford states that the Plan speaks for itself regarding the applicable definition of "Disability." Hartford denies the allegations of paragraph 12 to the extent they are inconsistent with the Plan.

4

## STATEMENT OF FACTS

13. Hartford reasserts its responses to paragraphs 1 through 12 above and incorporates the same as if fully set forth herein, and further incorporates its affirmative defenses in response thereto.

14. Hartford admits that Plaintiff's date of birth was in August 1989 and that he is 35 years old.

15. Hartford admits the allegations of paragraph 15 of Plaintiff's Complaint.

16. Hartford admits that Plaintiff's last date worked was September 20, 2023, but denies that Plaintiff was disabled under the terms of the Plan at the time relevant to his claim.

17. Hartford states that the Administrative Record speaks for itself regarding Plaintiff's medical conditions and functional capabilities, and Hartford denies the allegations of paragraph 17 to the extent they are inconsistent with the Administrative Record.

18. Upon information and belief, Hartford admits that Plaintiff received short-term disability ("STD") benefits from a third party. Hartford further admits upon information and belief that STD benefits were paid through February 2024. Hartford denies the remaining allegations of paragraph 18, particularly to the extent

they suggest, implicitly or explicitly, that Plaintiff was "Disabled," as that term is defined in the Plan.

19. Hartford admits that Plaintiff applied for LTD benefits under the Plan. Hartford denies the remaining allegations of paragraph 19, particularly to the extent they suggest, implicitly or explicitly, that Plaintiff was "Disabled," as that term is defined in the Plan.

20. Hartford admits that it denied Plaintiff's claim for benefits by letter dated May 2, 2024.

21. Hartford admits that Plaintiff appealed the denial of his LTD claim. Hartford further admits that, by letter dated July 9, 2024, it upheld its decision to deny Plaintiff's claim for LTD benefits.

22. Hartford admits, upon information and belief at this time, that premiums required for LTD coverage were paid.

23. Hartford states that Plaintiff submitted a claim for LTD benefits and an appeal of his LTD claim denial. To the extent the allegations of the paragraph attempt to interpret the terms and conditions for payment of benefits under the Plan, Hartford states that the Plan speaks for itself and is the best evidence of such terms and denies the allegations of this paragraph to the extent they are inconsistent with that document. Hartford further denies any allegations that suggest, implicitly or explicitly, that Plaintiff was "Disabled," as that term is defined by the Plan.

24. Hartford denies the allegations of paragraph 24 of Plaintiff's Complaint.

25. Hartford denies the allegations of paragraph 25.

26. To the extent the allegations of paragraph 26 of Plaintiff's Complaint constitute legal theories or conclusions, Hartford states that no response is required. Without waiver and in further response, Hartford states that the statutes speak for themselves and are the best evidence of their contents. Hartford denies the remaining allegations.

27. Hartford denies that Plaintiff is due the relief requested in paragraph 27, or any relief whatsoever. Hartford further denies the remaining allegations of the paragraph, particularly those allegations that suggest, implicitly or explicitly, that Plaintiff was "Disabled," as that term is defined by the Plan or that "future" benefits or benefits under the "Any Gainful Occupation" definition can be awarded to Plaintiff. Additionally, Hartford denies that Plaintiff is entitled to any other benefits for which he did not exhaust his administrative remedies.

28. Hartford admits that Plaintiff purports to allege the stated causes of action, but Hartford denies the remaining allegations of paragraph 28.

## CAUSES OF ACTION

### COUNT I --- ERISA/Statutory Claims

29.     Hartford reasserts its responses to paragraphs 1 through 28 above and incorporates the same as if fully set forth herein, and further incorporates its affirmative defenses in response thereto.

30.     Hartford admits that Plaintiff purports to state an ERISA claim for LTD benefits, but it denies that Plaintiff is entitled to such relief or any relief whatsoever, particularly to the extent he seeks any "related benefits" for which he has not exhausted administrative remedies.

### PRAYER FOR RELIEF

In response to the Plaintiff's "WHEREFORE" clause, including subparts (A) through (G), at the conclusion of Plaintiff's Complaint, Hartford states that Plaintiff is not due the relief requested therein or any relief whatsoever. Hartford further avers that Plaintiff's Complaint is due to be dismissed.

### AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Defendant's decision under the Plan was the product of a deliberate, principled and reasoned process.

### SECOND DEFENSE

All actions taken were in accord with the Policy's provisions, the denial of

Plaintiff's claim for ongoing benefits was correct, legitimate and reasonable and neither arbitrary nor capricious, and there was no abuse of discretion in the administration of the Policy or Plan with respect to Plaintiff.

## THIRD DEFENSE

If Plaintiff recovers benefits under the Policy or Plan, such benefits are subject to all of the applicable terms, conditions, and exclusions, including the maximum duration of benefits provision, recoupment, and offset provisions as provided for in the Policy and Plan.

## FOURTH DEFENSE

The causes of action and/or relief sought should be barred and/or precluded by virtue of the express terms and provisions of the Policy and Plan, as Plaintiff is not disabled pursuant to the terms and provisions of the Policy and Plan.

## FIFTH DEFENSE

The causes of action and/or relief sought should be barred and/or precluded by virtue of the deferential standard of review which should be afforded to the claim determination.

## SIXTH DEFENSE

Plaintiff's claims are barred because Defendant discharged its duties in the interest of the Plan participants and, in doing so, acted in accordance with ERISA and the documents and instruments governing the Policy and Plan.

## SEVENTH DEFENSE

Plaintiff is precluded from recovering any of the alleged damages under the terms of the Policy, Plan, ERISA, and federal common law.

## EIGHTH DEFENSE

Defendant asserts that Plaintiff failed to demonstrate eligibility for benefits under the terms and provisions of the Policy and Plan.

## NINTH DEFENSE

To the extent the facts and circumstances as developed in this matter support such a defense or affirmative defense, Defendant reserves the right to rely on the defense that Plaintiff's claims are barred in whole or part by the Policy's limitations provisions, if any, or the applicable statute of limitations.

## TENTH DEFENSE

To the extent Plaintiff's benefits should be limited or reduced due to the Policy's provisions, Defendant is entitled to limit or reduce Plaintiff's benefits accordingly.

## ELEVENTH DEFENSE

Any claim for equitable relief outside Plaintiff's claim for benefits under 29 U.S.C. §1132(a)(1)(B) is precluded under *Varity v. Howe*, 516 U.S.C. 489 (1996), and its progeny applying the same in the Sixth Circuit and Middle District of Tennessee.

10

## TWELFTH DEFENSE

At all times relevant to the above-captioned action, the Policy and Plan have been administered pursuant to its terms and in conformity with applicable law.

## THIRTEENTH DEFENSE

The denial of Plaintiff's claims was fair, reasonable, based on substantial evidence, consistent with the terms and intent of the Policy and Plan, and within the decision maker's discretion under the terms of the Policy and Plan.

## FOURTEENTH DEFENSE

Plaintiff cannot under ERISA recover or be adjudged entitled to benefits in excess of those provided under the terms of the Policy and Plan.

## FIFTEENTH DEFENSE

To the extent Plaintiff asserts any claim or relies upon any evidence not previously submitted or furnished to Defendant, such claim or admission of such evidence in support of Plaintiff's claim is barred by Plaintiff's failure to exhaust administrative and/or Plan remedies.

## SIXTEENTH DEFENSE

Should there be a determination that Plaintiff is entitled to benefits, which is denied, such entitlement does not mean that Plaintiff has entitlement to unlimited future benefits after that date given, *inter alia*, the possibility of future recovery from any disabling conditions, the existence of which is denied, as well as the effect of

11

different Policy requirements, exclusions and/or limitations.

## SEVENTEENTH DEFENSE

Plaintiff's allegations fail to form the basis for an award of attorney's fees pursuant to 29 U.S.C. § 1132(g)(1).

## EIGHTEENTH DEFENSE

Plaintiff would not be entitled under any circumstances to an award of attorney's fees or costs incurred prior to the commencement of this action.

## NINETEENTH DEFENSE

To the extent Plaintiff requests declaratory, injunctive, or other relief that exceeds the remedies prescribed by 29 U.S.C. § 1132(a)(1)(B), such claims are impermissible.

## TWENTIETH DEFENSE

Defendant raises each and every affirmative defense required to be pled by applicable rules of civil procedure should said defenses become applicable as this action proceeds.

## TWENTY-FIRST DEFENSE

Defendant reserves the right to assert other defenses and claims when and if they become appropriate during this action.

Accordingly, Hartford Life and Accident Insurance Company, by and through its counsel, requests the Court to enter an Order dismissing Plaintiff's Complaint;

12

awarding Defendant the costs expended herein; and granting such further relief as the Court deems just and proper.

Respectfully submitted by,

/s/ William B. Wahlheim, Jr.
William B. Wahlheim, Jr. (BPR #31582)
MAYNARD NEXSEN, P.C.
1901 Sixth Avenue North
Suite 1700
Birmingham, AL 35203
Telephone: (205) 254-1000
Facsimile: (205) 254-1999
wwahlheim@maynardnexsen.com

*Attorney for Defendant Hartford Life and Accident Insurance Company*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the above and foregoing has been served upon the following listed persons electronically via the CM/ECF system, this the 1st day of October 2024:

K. Cody Allison
Andrew M. Hickman
CODY ALLISON & ASSOCIATES, PLLC
95 White Bridge Road, Suite #250
Nashville, TN 37205
T: (615) 234-6000
F: (615) 727-0175
cody@codyallison.com
drew@codyallison.com
*Attorneys for Plaintiff*

*/s/ William B. Wahlheim, Jr.*
OF COUNSEL